J-S05035-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISAAC MISLAIE | : | |
| | : | |
| Appellant | : | No. 3243 EDA 2024 |

Appeal from the PCRA Order Entered October 23, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004988-2021

BEFORE: PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MAY 26, 2026**

Isaac Mislaie appeals, *pro se*, from the order denying his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq.* (PCRA). Mislaie alleges that: (1) PCRA counsel failed to comply with the requirements of **Turner** and **Finley** and their progeny[1]; (2) the sentencing court wrongly relied on a miscalculation of Mislaie's offense gravity score (OGS) at sentencing; (3) trial counsel was ineffective for failing to file a motion for reconsideration of sentence; (4) trial counsel was ineffective for failing to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **see also Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

inform Mislaie of his rights under **Padilla**[2]; and (5) the PCRA court improperly failed to grant Mislaie's discovery request.  We affirm.

The relevant procedural history of this case is as follows.  On August 8, 2022, Mislaie entered a hybrid guilty plea[3] to rape of a child[4] wherein:  (1) the Commonwealth would not make a specific sentencing recommendation; (2) the guilty plea would be limited to one criminal count; and (3) the Commonwealth would not invoke the applicable mandatory minimum sentence.[5]  Sentencing was deferred to November 4, 2022, for the preparation of a pre-sentence investigation report, psychosexual evaluation, and a sexually violent predator assessment.  At sentencing, the court acknowledged receipt of, and its review of, the relevant report, evaluation, and assessment, prior to imposing a sentence of five to ten years' incarceration and designating Mislaie a tier III registrant[6] under the Pennsylvania Sex Offender Registration and Notification Act.[7]  Mislaie, through his attorney, did not file a post-

_____

[2] **See Padilla v. Kentucky**, 559 U.S. 356 (2010).

[3] A hybrid plea is one in which "the parties did not bargain for a specific sentence but negotiated as to a certain aspect of the sentence[.]" **Commonwealth v. Heaster**, 171 A.3d 268, 271 (Pa. Super. 2017).

[4] **See** 18 Pa.C.S. § 3121(c).

[5] **See** 42 Pa.C.S. § 9718(a)(3).

[6] **See** 42 Pa.C.S. §§ 9799.14(d)(4), 9799.15(a)(3).

[7] **See** 42 Pa.C.S. §§ 9799.10-9799.75.

sentence motion. Mislaie then timely appealed but later discontinued that direct appeal.

On November 15, 2023, Mislaie filed a *pro se* PCRA petition, his first, in which he requested leave to file a post-sentence motion to allege that the court imposed an unduly harsh sentence due to an error in the calculation of the OGS. The court appointed PCRA counsel. On May 20, 2024, PCRA counsel filed an application to withdraw and no-merit letter. Mislaie filed a *pro se* reply on June 24, 2024, objecting to counsel's withdrawal, seeking appointment of alternate counsel should counsel's withdrawal request be granted, and stating, without temporal specificity, that trial counsel failed to honor Mislaie's request to file a motion for modification of sentence. On August 9, 2024, the PCRA court granted PCRA counsel's application to withdraw and filed notice of its intent to dismiss Mislaie's PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907. Mislaie replied to the court's dismissal notice. On October 23, 2024, the court dismissed Mislaie's PCRA petition without a hearing. Mislaie filed a timely *pro se* appeal on November 18, 2024, pursuant to the prisoner mailbox rule.[8]

_____

[8] The record reflects that Mislaie, while incarcerated, delivered his appeal to prison authorities as of November 18, 2024. **See** Pa.R.A.P. 121(f); **see also Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (holding that *pro se* prisoners' appeals deemed filed as of the date they deliver them to prison authorities for mailing).

In his *pro se* appeal, Mislaie presents the following five issues for our review:

1. Whether the [PCRA] court's determination that appointed counsel's ***Turner/Finley*** "no-merit" letter met the [appropriate] standards/dictates was an abuse of discretion in reference to [Mislaie's] claims presented in [his] *pro se* motion for post-conviction collateral relief?

2. Whether[] the sentence [. . .] imposed was excessive in that it was grounded on an erroneous [OGS]?

3. Whether [trial] counsel rendered ineffective assistance of counsel for not seeking sentencing reconsideration?

4. Whether it was an error of law for the PCRA court to adopt appointed PCRA counsel's [***Turner/Finley***] "no-merit" letter [where] it did not address [Mislaie's ***Padilla***] claim where [Mislaie] is a Haitian [national] and was induced by the prompting of entering into his guilty plea without counsel advising [him] of [the] possibility of deportation proceedings?

5. Whether it was an abuse of discretion for the PCRA court to deny [Mislaie]'s discovery application that averred exceptional circumstances?

***See*** Appellant's Brief at 4 (suggested answers and unnecessary capitalization omitted).[9]

As it relates to Mislaie's first issue, Mislaie argues that PCRA counsel "failed to detail his review of the record and conclu[de] that [Mislaie]'s claims are meritless. [Counsel] did not provide to [Mislaie] the brief and advise [Mislaie] of his right to retain new counsel or proceed *pro se*." Appellant's

_____

[9] Mislaie's brief violates the rules of appellate procedure insofar as all of his arguments are set forth in one single-spaced section in his brief. ***See e.g.***, Pa.R.A.P. 2119(a); ***see also*** Pa.R.A.P. 124(a)(3).

Brief at 8. Mislaie alleges that his OGS and *Padilla* claims have merit such that withdrawal under *Turner*/*Finley* is inappropriate. *See id.* at 9-10. We find that the PCRA court properly concluded that counsel substantially complied with the technical requirements of *Turner*/*Finley* as explained below.

We have summarized the *Turner*/*Finley* requirements for counsel to withdraw as follows:

> Counsel petitioning to withdraw from PCRA representation must proceed under [*Turner* and *Finley*] and must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no[-]merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Muzzy*, 141 A.3d 509, 510-11 (Pa. Super. 2016) (ellipses omitted). Substantial compliance with the requirements to withdraw as counsel will satisfy the *Turner*/*Finley* criteria. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003).

Here, contrary to Mislaie's claims, the record reflects that PCRA counsel filed an application to withdraw and a no-merit letter in the PCRA court and

served those documents on Mislaie.[10]  The PCRA court correctly observed that the no-merit letter contains counsel's statements that he:  (1) reviewed the case record and Mislaie's written communications; (2) interviewed prior counsel in the case; and (3) found Mislaie's sentencing claim as identified in his *pro se* PCRA petition to be meritless.  **See** No-merit Letter, 5/20/24, at 1 (unpaginated).  Further, the no-merit letter informs Mislaie of his right to hire alternate counsel or proceed *pro se*.  **See id.** at 3 (unpaginated).  The record confirms Mislaie received the duly filed and served documents, especially where he responded *pro se* to counsel's no-merit letter on June 24, 2024, and further responded *pro se* to the court's Rule 907 notice on August 30, 2024. The PCRA court then conducted its own analysis, as required, when it issued its Rule 907 notice and permitted counsel to withdraw.  **See Muzzy**, 141 A.3d at 511.  As the record supports the court's conclusion that PCRA counsel substantially complied with the technical requirements of **Turner**/**Finley**, we may proceed to our review of Mislaie's issues on appeal to ensure they are meritless.

Mislaie asserts that his OGS issue has merit; thus, the court allegedly improperly granted counsel's withdrawal request and improperly denied PCRA relief.  Specifically, Mislaie maintains that Pennsylvania's Sentencing Guidelines for rape of a child lists an OGS that amounts to one to two years'

---

[10] PCRA counsel filed the application to withdraw in the PCRA court, rather than with this Court on appeal, so, contrary to Mislaie's claims, PCRA counsel was not required to file an appellate brief and serve Mislaie therewith.

incarceration rather than the sentence of five to ten years' that he received. *See* Appellant's Brief, at 9. He argues that the court wrongly imposed an excessive sentence and that trial counsel should have filed a post-sentence motion for reconsideration of sentence on this basis. *See id.* We find no relief is due.

On appeal from the denial of PCRA relief, our standard of review is as follows:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on th[e appellate courts]; however, [appellate courts] apply a *de novo* standard of review to the PCRA court's legal conclusions[.]

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citations and quotation marks omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the following:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

\* \* \*

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2). Further, the petitioner must prove that the issue has not been previously litigated or waived and that any failure to litigate the issue "could not have been the result of any rational, strategic[,] or tactical decision by counsel." 42 Pa.C.S. § 9543(a)(3), (4).

Insofar as effective assistance of trial counsel is implicated in Mislaie's claims, the **Strickland**/**Pierce**[11] test applies as follows:

[W]e begin with the presumption counsel is effective. To prevail on an ineffectiveness claim, appellant must satisfy, by a preponderance of the evidence, the performance and prejudice standard set forth in [**Strickland**]. In Pennsylvania, we have applied **Strickland** by looking to three elements an appellant must establish: (1) the underlying claim has arguable merit; (2)

_____

[11] **See Strickland v. Washington**, 466 U.S. 668 (1984); **see also Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987).

- 8 -

no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Commonwealth v. Hannibal*, 156 A.3d 197, 206 (Pa. 2016) (citations omitted). If any prong fails under *Strickland*, the court may proceed to review that one first. *See id.* at 207.

Here, Mislaie's second appellate claim is based in trial court error—rather than grounded in ineffective assistance of counsel—insofar as Mislaie alleges that he received an excessive sentence based on an erroneous calculation of the OGS. Such a claim does not implicate the legality of Mislaie's sentence and instead goes to the discretionary aspects of his sentence, which is not cognizable under the PCRA. *See Commonwealth v. Archer*, 722 A.2d 203, 210-11 (Pa. Super. 1998) (*en banc*) (holding that "any misapplication of the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence" and challenge to OGS calculation is claim sounding in misapplication of Sentencing Guidelines); *see also Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007) (stating that "[r]equests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings"). Accordingly, Mislaie is not entitled to relief on his second issue on appeal.

In turning to his third issue, Mislaie essentially presents the same claim, but through the lens of ineffective assistance of counsel due to trial counsel's failure to file a post-sentence motion for reconsideration of sentence. Mislaie

presents argument that he both requested that trial counsel file a post-sentence motion, and in any event, that counsel was professionally ineffective for failing to file one based on the allegedly incorrect OGS calculation.

Pennsylvania law is clear that the failure to file a post-sentence motion, requested or not, does not render counsel *per se* ineffective. **See Commonwealth v. Reaves**, 923 A.2d 1119, 1129 (Pa. 2007). Indeed, where counsel fails to file post-sentence motions, the traditional three-prong **Strickland**/**Pierce** test applies to determine whether counsel was ineffective. **See id.**; **see also Commonwealth v. Grosella**, 902 A.2d 1290, 1293-94 (Pa. Super. 2006) (distinguishing between counsel's failure to file direct appeal which completely forecloses appellant from direct review and counsel's failure to file post-sentence motion which narrows ambit of claims appellant can raise on direct appeal).

After our review, we conclude that Mislaie fails to establish prejudice under the third prong of the **Strickland**/**Pierce** test. Specifically, Mislaie's reading of the Sentencing Guidelines is incorrect insofar as he identifies that the Sentencing Guidelines would recommend a sentence of 1 to 2 years' incarceration given his prior record score of 0. Instead, the Sentencing Guidelines recommend: (1) a minimum term of five years' incarceration, which is greater than the maximum term of Mislaie's imposed sentence; and (2) a maximum term of the statutory limit, which is 40 years' incarceration in this case. **See** 204 Pa. Code § 303.15 (7th ed., amend. 6) (indicating OGS of 14 for conviction under 18 Pa.C.S. § 3121(c)); 204 Pa. Code § 303.16(a) (7th

ed., amend. 6) (applicable basic sentencing matrix); 18 Pa.C.S. § 3121(e)(1). Mislaie is not entitled to relief where it is unlikely that he would have received a reduction in sentence. *See Reaves*, 923 A.2d at 1131-32 (concluding that appellant failed to establish prejudice where record did not show counsel's filing of motion for reconsideration of sentence would have secured reduction in sentence). Further, we conclude that Mislaie's claim also fails under the second prong of the *Strickland*/*Pierce* test because counsel had a reasonable basis for not challenging the sentence imposed where (1): Mislaie received the benefit of his plea bargain insofar as the court imposed a more lenient sentence than the otherwise applicable mandatory minimum sentence set forth in 42 Pa.C.S. § 9718(a)(3); and (2) Mislaie received a sentence near the low end of the mitigated range of the Sentencing Guidelines. *See* 204 Pa. Code § 303.16(a) (7th ed., amend. 6) (applicable basic sentencing matrix). Accordingly, no relief is due on Mislaie's third issue on appeal.

In his fourth issue, Mislaie complains that PCRA counsel did not address his *Padilla* claim in the no-merit letter and therefore the PCRA court erroneously granted counsel's application to withdraw. *See* Appellant's Brief, at 10. We find no relief is due.

After our review, we conclude that, again, Mislaie fails to establish prejudice under the third prong of the *Strickland*/*Pierce* test insofar as he fails to show that immigration consequences apply to his case. *See Hannibal*, 156 A.3d at 206. Further, Mislaie fails under the second prong of the *Strickland*/*Pierce* test because trial counsel had a reasonable basis to not

pursue any **Padilla** issue where Mislaie's signed written plea colloquy sets forth that he understood the potential immigration consequences of his plea,[12] and, at his plea hearing, Mislaie affirmed that he reviewed the written plea colloquy with his defense counsel prior to pleading guilty. **See** N.T. Plea Hearing, 8/8/22, at 8–10. Mislaie may not now contradict his statements that he made on the record at his plea hearing. **See Commonwealth v. Jamison**, 284 A.3d 501, 506 (Pa. Super. 2022) (noting that "A defendant is bound by the statements which he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea."). Accordingly, no relief is due on Mislaie's fourth issue.

As to his fifth issue, Mislaie offers no argument in his brief on the claim that he purports to raise. Accordingly, Mislaie has waived his fifth issue on appeal. **See** Pa.R.A.P. 2119(a) ("The argument shall be **divided into as many parts as there are questions to be argued**; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of

---

[12] **See** Written Plea Colloquy, 8/8/22, at 3 (unpaginated) ("My plea of guilty [. . .] will have the same effect in criminal law as if I had a trial and was convicted of the crimes to which I have pled guilty[. . . .] If am not a United States citizen, my plea of guilty [. . .] may subject me to **MANDATORY DEPORTATION** and other adverse immigration consequences. My attorney has answered, to my satisfaction, any questions I have had concerning adverse immigration consequences of this plea. I also acknowledged that I have had the opportunity to consult an attorney specializing in immigration and deportation law. I understand and agree that I am pleading guilty [. . .] to the crimes listed below.") (emphasis in original).

authorities as are deemed pertinent.") (emphasis added); ***see also***
***Commonwealth v. Woodard***, 129 A.3d 480, 509 (Pa. 2015) (concluding
that appellant's failure "to present any argument in support" of issue results
in waiver).

As none of Mislaie's claims have merit, we find no abuse of discretion or
error of law in the PCRA court's grant of PCRA counsel's application to
withdraw. Accordingly, Mislaie is not entitled to any relief in this appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/26/2026

J-S05035-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISAAC MISLAIE | : | |
| | : | |
| Appellant | : | No. 3243 EDA 2024 |

Appeal from the PCRA Order Entered October 23, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004988-2021

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED MAY 26, 2026**

Isaac Mislaie appeals, *pro se*, from the order denying his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq.* (PCRA).  Mislaie alleges that:  (1) PCRA counsel failed to comply with the requirements of **Turner** and **Finley** and their progeny[1]; (2) the sentencing court wrongly relied on a miscalculation of Mislaie's offense gravity score (OGS) at sentencing; (3) trial counsel was ineffective for failing to file a motion for reconsideration of sentence; (4) trial counsel was ineffective for failing to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **see also Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

inform Mislaie of his rights under **Padilla**[2]; and (5) the PCRA court improperly failed to grant Mislaie's discovery request. We affirm.

The relevant procedural history of this case is as follows. On August 8, 2022, Mislaie entered a hybrid guilty plea[3] to rape of a child[4] wherein: (1) the Commonwealth would not make a specific sentencing recommendation; (2) the guilty plea would be limited to one criminal count; and (3) the Commonwealth would not invoke the applicable mandatory minimum sentence.[5] Sentencing was deferred to November 4, 2022, for the preparation of a pre-sentence investigation report, psychosexual evaluation, and a sexually violent predator assessment. At sentencing, the court acknowledged receipt of, and its review of, the relevant report, evaluation, and assessment, prior to imposing a sentence of five to ten years' incarceration and designating Mislaie a tier III registrant[6] under the Pennsylvania Sex Offender Registration and Notification Act.[7] Mislaie, through his attorney, did not file a post-

_____

[2] **See Padilla v. Kentucky**, 559 U.S. 356 (2010).

[3] A hybrid plea is one in which "the parties did not bargain for a specific sentence but negotiated as to a certain aspect of the sentence[.]" **Commonwealth v. Heaster**, 171 A.3d 268, 271 (Pa. Super. 2017).

[4] **See** 18 Pa.C.S. § 3121(c).

[5] **See** 42 Pa.C.S. § 9718(a)(3).

[6] **See** 42 Pa.C.S. §§ 9799.14(d)(4), 9799.15(a)(3).

[7] **See** 42 Pa.C.S. §§ 9799.10-9799.75.

sentence motion. Mislaie then timely appealed but later discontinued that direct appeal.

On November 15, 2023, Mislaie filed a *pro se* PCRA petition, his first, in which he requested leave to file a post-sentence motion to allege that the court imposed an unduly harsh sentence due to an error in the calculation of the OGS. The court appointed PCRA counsel. On May 20, 2024, PCRA counsel filed an application to withdraw and no-merit letter. Mislaie filed a *pro se* reply on June 24, 2024, objecting to counsel's withdrawal, seeking appointment of alternate counsel should counsel's withdrawal request be granted, and stating, without temporal specificity, that trial counsel failed to honor Mislaie's request to file a motion for modification of sentence. On August 9, 2024, the PCRA court granted PCRA counsel's application to withdraw and filed notice of its intent to dismiss Mislaie's PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907. Mislaie replied to the court's dismissal notice. On October 23, 2024, the court dismissed Mislaie's PCRA petition without a hearing. Mislaie filed a timely *pro se* appeal on November 18, 2024, pursuant to the prisoner mailbox rule.[8]

_____

[8] The record reflects that Mislaie, while incarcerated, delivered his appeal to prison authorities as of November 18, 2024. **See** Pa.R.A.P. 121(f); **see also Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (holding that *pro se* prisoners' appeals deemed filed as of the date they deliver them to prison authorities for mailing).

- 3 -

In his *pro se* appeal, Mislaie presents the following five issues for our review:

1. Whether the [PCRA] court's determination that appointed counsel's ***Turner/Finley*** "no-merit" letter met the [appropriate] standards/dictates was an abuse of discretion in reference to [Mislaie's] claims presented in [his] *pro se* motion for post-conviction collateral relief?

2. Whether[] the sentence [. . .] imposed was excessive in that it was grounded on an erroneous [OGS]?

3. Whether [trial] counsel rendered ineffective assistance of counsel for not seeking sentencing reconsideration?

4. Whether it was an error of law for the PCRA court to adopt appointed PCRA counsel's [***Turner/Finley***] "no-merit" letter [where] it did not address [Mislaie's ***Padilla***] claim where [Mislaie] is a Haitian [national] and was induced by the prompting of entering into his guilty plea without counsel advising [him] of [the] possibility of deportation proceedings?

5. Whether it was an abuse of discretion for the PCRA court to deny [Mislaie]'s discovery application that averred exceptional circumstances?

***See*** Appellant's Brief at 4 (suggested answers and unnecessary capitalization omitted).[9]

As it relates to Mislaie's first issue, Mislaie argues that PCRA counsel "failed to detail his review of the record and conclu[de] that [Mislaie]'s claims are meritless. [Counsel] did not provide to [Mislaie] the brief and advise [Mislaie] of his right to retain new counsel or proceed *pro se*." Appellant's

---

[9] Mislaie's brief violates the rules of appellate procedure insofar as all of his arguments are set forth in one single-spaced section in his brief. ***See e.g.***, Pa.R.A.P. 2119(a); ***see also*** Pa.R.A.P. 124(a)(3).

Brief at 8. Mislaie alleges that his OGS and **Padilla** claims have merit such that withdrawal under **Turner**/**Finley** is inappropriate. **See id.** at 9-10. We find that the PCRA court properly concluded that counsel substantially complied with the technical requirements of **Turner**/**Finley** as explained below.

We have summarized the **Turner**/**Finley** requirements for counsel to withdraw as follows:

> Counsel petitioning to withdraw from PCRA representation must proceed under [**Turner** and **Finley**] and must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no[-]merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.

> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Muzzy**, 141 A.3d 509, 510-11 (Pa. Super. 2016) (ellipses omitted). Substantial compliance with the requirements to withdraw as counsel will satisfy the **Turner**/**Finley** criteria. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003).

Here, contrary to Mislaie's claims, the record reflects that PCRA counsel filed an application to withdraw and a no-merit letter in the PCRA court and

served those documents on Mislaie.[10]  The PCRA court correctly observed that the no-merit letter contains counsel's statements that he:  (1) reviewed the case record and Mislaie's written communications; (2) interviewed prior counsel in the case; and (3) found Mislaie's sentencing claim as identified in his *pro se* PCRA petition to be meritless.  **See** No-merit Letter, 5/20/24, at 1 (unpaginated).  Further, the no-merit letter informs Mislaie of his right to hire alternate counsel or proceed *pro se*.  **See id.** at 3 (unpaginated).  The record confirms Mislaie received the duly filed and served documents, especially where he responded *pro se* to counsel's no-merit letter on June 24, 2024, and further responded *pro se* to the court's Rule 907 notice on August 30, 2024.  The PCRA court then conducted its own analysis, as required, when it issued its Rule 907 notice and permitted counsel to withdraw.  **See Muzzy**, 141 A.3d at 511.  As the record supports the court's conclusion that PCRA counsel substantially complied with the technical requirements of **Turner**/**Finley**, we may proceed to our review of Mislaie's issues on appeal to ensure they are meritless.

Mislaie asserts that his OGS issue has merit; thus, the court allegedly improperly granted counsel's withdrawal request and improperly denied PCRA relief.  Specifically, Mislaie maintains that Pennsylvania's Sentencing Guidelines for rape of a child lists an OGS that amounts to one to two years'

---

[10] PCRA counsel filed the application to withdraw in the PCRA court, rather than with this Court on appeal, so, contrary to Mislaie's claims, PCRA counsel was not required to file an appellate brief and serve Mislaie therewith.

incarceration rather than the sentence of five to ten years' that he received. *See* Appellant's Brief, at 9. He argues that the court wrongly imposed an excessive sentence and that trial counsel should have filed a post-sentence motion for reconsideration of sentence on this basis. *See id.* We find no relief is due.

On appeal from the denial of PCRA relief, our standard of review is as follows:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on th[e appellate courts]; however, [appellate courts] apply a *de novo* standard of review to the PCRA court's legal conclusions[.]

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citations and quotation marks omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the following:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

- 7 -

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

\* \* \*

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2). Further, the petitioner must prove that the issue has not been previously litigated or waived and that any failure to litigate the issue "could not have been the result of any rational, strategic[,] or tactical decision by counsel." 42 Pa.C.S. § 9543(a)(3), (4).

Insofar as effective assistance of trial counsel is implicated in Mislaie's claims, the **Strickland**/**Pierce**[11] test applies as follows:

[W]e begin with the presumption counsel is effective. To prevail on an ineffectiveness claim, appellant must satisfy, by a preponderance of the evidence, the performance and prejudice standard set forth in [**Strickland**]. In Pennsylvania, we have applied **Strickland** by looking to three elements an appellant must establish: (1) the underlying claim has arguable merit; (2)

---

[11] **See Strickland v. Washington**, 466 U.S. 668 (1984); **see also Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987).

no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Commonwealth v. Hannibal*, 156 A.3d 197, 206 (Pa. 2016) (citations omitted). If any prong fails under *Strickland*, the court may proceed to review that one first. *See id.* at 207.

Here, Mislaie's second appellate claim is based in trial court error—rather than grounded in ineffective assistance of counsel—insofar as Mislaie alleges that he received an excessive sentence based on an erroneous calculation of the OGS. Such a claim does not implicate the legality of Mislaie's sentence and instead goes to the discretionary aspects of his sentence, which is not cognizable under the PCRA. *See Commonwealth v. Archer*, 722 A.2d 203, 210-11 (Pa. Super. 1998) (*en banc*) (holding that "any misapplication of the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence" and challenge to OGS calculation is claim sounding in misapplication of Sentencing Guidelines); *see also Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007) (stating that "[r]equests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings"). Accordingly, Mislaie is not entitled to relief on his second issue on appeal.

In turning to his third issue, Mislaie essentially presents the same claim, but through the lens of ineffective assistance of counsel due to trial counsel's failure to file a post-sentence motion for reconsideration of sentence. Mislaie

presents argument that he both requested that trial counsel file a post-sentence motion, and in any event, that counsel was professionally ineffective for failing to file one based on the allegedly incorrect OGS calculation.

Pennsylvania law is clear that the failure to file a post-sentence motion, requested or not, does not render counsel *per se* ineffective. *See Commonwealth v. Reaves*, 923 A.2d 1119, 1129 (Pa. 2007). Indeed, where counsel fails to file post-sentence motions, the traditional three-prong *Strickland*/*Pierce* test applies to determine whether counsel was ineffective. *See id.*; *see also Commonwealth v. Grosella*, 902 A.2d 1290, 1293-94 (Pa. Super. 2006) (distinguishing between counsel's failure to file direct appeal which completely forecloses appellant from direct review and counsel's failure to file post-sentence motion which narrows ambit of claims appellant can raise on direct appeal).

After our review, we conclude that Mislaie fails to establish prejudice under the third prong of the *Strickland*/*Pierce* test. Specifically, Mislaie's reading of the Sentencing Guidelines is incorrect insofar as he identifies that the Sentencing Guidelines would recommend a sentence of 1 to 2 years' incarceration given his prior record score of 0. Instead, the Sentencing Guidelines recommend: (1) a minimum term of five years' incarceration, which is greater than the maximum term of Mislaie's imposed sentence; and (2) a maximum term of the statutory limit, which is 40 years' incarceration in this case. *See* 204 Pa. Code § 303.15 (7th ed., amend. 6) (indicating OGS of 14 for conviction under 18 Pa.C.S. § 3121(c)); 204 Pa. Code § 303.16(a) (7th

ed., amend. 6) (applicable basic sentencing matrix); 18 Pa.C.S. § 3121(e)(1). Mislaie is not entitled to relief where it is unlikely that he would have received a reduction in sentence. *See Reaves*, 923 A.2d at 1131-32 (concluding that appellant failed to establish prejudice where record did not show counsel's filing of motion for reconsideration of sentence would have secured reduction in sentence). Further, we conclude that Mislaie's claim also fails under the second prong of the *Strickland*/*Pierce* test because counsel had a reasonable basis for not challenging the sentence imposed where (1): Mislaie received the benefit of his plea bargain insofar as the court imposed a more lenient sentence than the otherwise applicable mandatory minimum sentence set forth in 42 Pa.C.S. § 9718(a)(3); and (2) Mislaie received a sentence near the low end of the mitigated range of the Sentencing Guidelines. *See* 204 Pa. Code § 303.16(a) (7th ed., amend. 6) (applicable basic sentencing matrix). Accordingly, no relief is due on Mislaie's third issue on appeal.

In his fourth issue, Mislaie complains that PCRA counsel did not address his *Padilla* claim in the no-merit letter and therefore the PCRA court erroneously granted counsel's application to withdraw. *See* Appellant's Brief, at 10. We find no relief is due.

After our review, we conclude that, again, Mislaie fails to establish prejudice under the third prong of the *Strickland*/*Pierce* test insofar as he fails to show that immigration consequences apply to his case. *See Hannibal*, 156 A.3d at 206. Further, Mislaie fails under the second prong of the *Strickland*/*Pierce* test because trial counsel had a reasonable basis to not

pursue any **Padilla** issue where Mislaie's signed written plea colloquy sets forth that he understood the potential immigration consequences of his plea,[12] and, at his plea hearing, Mislaie affirmed that he reviewed the written plea colloquy with his defense counsel prior to pleading guilty. **See** N.T. Plea Hearing, 8/8/22, at 8–10. Mislaie may not now contradict his statements that he made on the record at his plea hearing. **See Commonwealth v. Jamison**, 284 A.3d 501, 506 (Pa. Super. 2022) (noting that "A defendant is bound by the statements which he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea."). Accordingly, no relief is due on Mislaie's fourth issue.

As to his fifth issue, Mislaie offers no argument in his brief on the claim that he purports to raise. Accordingly, Mislaie has waived his fifth issue on appeal. **See** Pa.R.A.P. 2119(a) ("The argument shall be **divided into as many parts as there are questions to be argued**; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of

---

[12] **See** Written Plea Colloquy, 8/8/22, at 3 (unpaginated) ("My plea of guilty [. . .] will have the same effect in criminal law as if I had a trial and was convicted of the crimes to which I have pled guilty[. . . .] If am not a United States citizen, my plea of guilty [. . .] may subject me to **MANDATORY DEPORTATION** and other adverse immigration consequences. My attorney has answered, to my satisfaction, any questions I have had concerning adverse immigration consequences of this plea. I also acknowledged that I have had the opportunity to consult an attorney specializing in immigration and deportation law. I understand and agree that I am pleading guilty [. . .] to the crimes listed below.") (emphasis in original).

authorities as are deemed pertinent.") (emphasis added); ***see also***
***Commonwealth v. Woodard***, 129 A.3d 480, 509 (Pa. 2015) (concluding
that appellant's failure "to present any argument in support" of issue results
in waiver).

As none of Mislaie's claims have merit, we find no abuse of discretion or
error of law in the PCRA court's grant of PCRA counsel's application to
withdraw. Accordingly, Mislaie is not entitled to any relief in this appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/26/2026

J-S05035-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISAAC MISLAIE | : | |
| | : | |
| Appellant | : | No. 3243 EDA 2024 |

Appeal from the PCRA Order Entered October 23, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004988-2021

BEFORE: PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MAY 26, 2026**

Isaac Mislaie appeals, *pro se*, from the order denying his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq.* (PCRA). Mislaie alleges that: (1) PCRA counsel failed to comply with the requirements of **Turner** and **Finley** and their progeny[1]; (2) the sentencing court wrongly relied on a miscalculation of Mislaie's offense gravity score (OGS) at sentencing; (3) trial counsel was ineffective for failing to file a motion for reconsideration of sentence; (4) trial counsel was ineffective for failing to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **see also Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

inform Mislaie of his rights under **Padilla**[2]; and (5) the PCRA court improperly failed to grant Mislaie's discovery request. We affirm.

The relevant procedural history of this case is as follows. On August 8, 2022, Mislaie entered a hybrid guilty plea[3] to rape of a child[4] wherein: (1) the Commonwealth would not make a specific sentencing recommendation; (2) the guilty plea would be limited to one criminal count; and (3) the Commonwealth would not invoke the applicable mandatory minimum sentence.[5] Sentencing was deferred to November 4, 2022, for the preparation of a pre-sentence investigation report, psychosexual evaluation, and a sexually violent predator assessment. At sentencing, the court acknowledged receipt of, and its review of, the relevant report, evaluation, and assessment, prior to imposing a sentence of five to ten years' incarceration and designating Mislaie a tier III registrant[6] under the Pennsylvania Sex Offender Registration and Notification Act.[7] Mislaie, through his attorney, did not file a post-

_____

[2] **See Padilla v. Kentucky**, 559 U.S. 356 (2010).

[3] A hybrid plea is one in which "the parties did not bargain for a specific sentence but negotiated as to a certain aspect of the sentence[.]" **Commonwealth v. Heaster**, 171 A.3d 268, 271 (Pa. Super. 2017).

[4] **See** 18 Pa.C.S. § 3121(c).

[5] **See** 42 Pa.C.S. § 9718(a)(3).

[6] **See** 42 Pa.C.S. §§ 9799.14(d)(4), 9799.15(a)(3).

[7] **See** 42 Pa.C.S. §§ 9799.10-9799.75.

sentence motion. Mislaie then timely appealed but later discontinued that direct appeal.

On November 15, 2023, Mislaie filed a *pro se* PCRA petition, his first, in which he requested leave to file a post-sentence motion to allege that the court imposed an unduly harsh sentence due to an error in the calculation of the OGS. The court appointed PCRA counsel. On May 20, 2024, PCRA counsel filed an application to withdraw and no-merit letter. Mislaie filed a *pro se* reply on June 24, 2024, objecting to counsel's withdrawal, seeking appointment of alternate counsel should counsel's withdrawal request be granted, and stating, without temporal specificity, that trial counsel failed to honor Mislaie's request to file a motion for modification of sentence. On August 9, 2024, the PCRA court granted PCRA counsel's application to withdraw and filed notice of its intent to dismiss Mislaie's PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907. Mislaie replied to the court's dismissal notice. On October 23, 2024, the court dismissed Mislaie's PCRA petition without a hearing. Mislaie filed a timely *pro se* appeal on November 18, 2024, pursuant to the prisoner mailbox rule.[8]

_____

[8] The record reflects that Mislaie, while incarcerated, delivered his appeal to prison authorities as of November 18, 2024. **See** Pa.R.A.P. 121(f); **see also Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (holding that *pro se* prisoners' appeals deemed filed as of the date they deliver them to prison authorities for mailing).

- 3 -

In his *pro se* appeal, Mislaie presents the following five issues for our review:

1. Whether the [PCRA] court's determination that appointed counsel's ***Turner*/*Finley*** "no-merit" letter met the [appropriate] standards/dictates was an abuse of discretion in reference to [Mislaie's] claims presented in [his] *pro se* motion for post-conviction collateral relief?

2. Whether[] the sentence [. . .] imposed was excessive in that it was grounded on an erroneous [OGS]?

3. Whether [trial] counsel rendered ineffective assistance of counsel for not seeking sentencing reconsideration?

4. Whether it was an error of law for the PCRA court to adopt appointed PCRA counsel's [***Turner*/*Finley***] "no-merit" letter [where] it did not address [Mislaie's ***Padilla***] claim where [Mislaie] is a Haitian [national] and was induced by the prompting of entering into his guilty plea without counsel advising [him] of [the] possibility of deportation proceedings?

5. Whether it was an abuse of discretion for the PCRA court to deny [Mislaie]'s discovery application that averred exceptional circumstances?

***See*** Appellant's Brief at 4 (suggested answers and unnecessary capitalization omitted).[9]

As it relates to Mislaie's first issue, Mislaie argues that PCRA counsel "failed to detail his review of the record and conclu[de] that [Mislaie]'s claims are meritless. [Counsel] did not provide to [Mislaie] the brief and advise [Mislaie] of his right to retain new counsel or proceed *pro se*." Appellant's

_____

[9] Mislaie's brief violates the rules of appellate procedure insofar as all of his arguments are set forth in one single-spaced section in his brief. ***See e.g.***, Pa.R.A.P. 2119(a); ***see also*** Pa.R.A.P. 124(a)(3).

Brief at 8. Mislaie alleges that his OGS and **Padilla** claims have merit such that withdrawal under **Turner**/**Finley** is inappropriate. **See id.** at 9-10. We find that the PCRA court properly concluded that counsel substantially complied with the technical requirements of **Turner**/**Finley** as explained below.

We have summarized the **Turner**/**Finley** requirements for counsel to withdraw as follows:

> Counsel petitioning to withdraw from PCRA representation must proceed under [**Turner** and **Finley**] and must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no[-]merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Muzzy**, 141 A.3d 509, 510-11 (Pa. Super. 2016) (ellipses omitted). Substantial compliance with the requirements to withdraw as counsel will satisfy the **Turner**/**Finley** criteria. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003).

Here, contrary to Mislaie's claims, the record reflects that PCRA counsel filed an application to withdraw and a no-merit letter in the PCRA court and

served those documents on Mislaie.[10] The PCRA court correctly observed that the no-merit letter contains counsel's statements that he: (1) reviewed the case record and Mislaie's written communications; (2) interviewed prior counsel in the case; and (3) found Mislaie's sentencing claim as identified in his *pro se* PCRA petition to be meritless. **See** No-merit Letter, 5/20/24, at 1 (unpaginated). Further, the no-merit letter informs Mislaie of his right to hire alternate counsel or proceed *pro se*. **See id.** at 3 (unpaginated). The record confirms Mislaie received the duly filed and served documents, especially where he responded *pro se* to counsel's no-merit letter on June 24, 2024, and further responded *pro se* to the court's Rule 907 notice on August 30, 2024. The PCRA court then conducted its own analysis, as required, when it issued its Rule 907 notice and permitted counsel to withdraw. **See Muzzy**, 141 A.3d at 511. As the record supports the court's conclusion that PCRA counsel substantially complied with the technical requirements of **Turner**/**Finley**, we may proceed to our review of Mislaie's issues on appeal to ensure they are meritless.

Mislaie asserts that his OGS issue has merit; thus, the court allegedly improperly granted counsel's withdrawal request and improperly denied PCRA relief. Specifically, Mislaie maintains that Pennsylvania's Sentencing Guidelines for rape of a child lists an OGS that amounts to one to two years'

---

[10] PCRA counsel filed the application to withdraw in the PCRA court, rather than with this Court on appeal, so, contrary to Mislaie's claims, PCRA counsel was not required to file an appellate brief and serve Mislaie therewith.

incarceration rather than the sentence of five to ten years' that he received. ***See*** Appellant's Brief, at 9. He argues that the court wrongly imposed an excessive sentence and that trial counsel should have filed a post-sentence motion for reconsideration of sentence on this basis. ***See id.*** We find no relief is due.

On appeal from the denial of PCRA relief, our standard of review is as follows:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on th[e appellate courts]; however, [appellate courts] apply a *de novo* standard of review to the PCRA court's legal conclusions[.]

***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (citations and quotation marks omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the following:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

\* \* \*

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2). Further, the petitioner must prove that the issue has not been previously litigated or waived and that any failure to litigate the issue "could not have been the result of any rational, strategic[,] or tactical decision by counsel." 42 Pa.C.S. § 9543(a)(3), (4).

Insofar as effective assistance of trial counsel is implicated in Mislaie's claims, the **Strickland**/**Pierce**[11] test applies as follows:

[W]e begin with the presumption counsel is effective. To prevail on an ineffectiveness claim, appellant must satisfy, by a preponderance of the evidence, the performance and prejudice standard set forth in [**Strickland**]. In Pennsylvania, we have applied **Strickland** by looking to three elements an appellant must establish: (1) the underlying claim has arguable merit; (2)

_____

[11] **See Strickland v. Washington**, 466 U.S. 668 (1984); **see also Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987).

- 8 -

no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Commonwealth v. Hannibal*, 156 A.3d 197, 206 (Pa. 2016) (citations omitted). If any prong fails under *Strickland*, the court may proceed to review that one first. *See id.* at 207.

Here, Mislaie's second appellate claim is based in trial court error—rather than grounded in ineffective assistance of counsel—insofar as Mislaie alleges that he received an excessive sentence based on an erroneous calculation of the OGS. Such a claim does not implicate the legality of Mislaie's sentence and instead goes to the discretionary aspects of his sentence, which is not cognizable under the PCRA. *See Commonwealth v. Archer*, 722 A.2d 203, 210-11 (Pa. Super. 1998) (*en banc*) (holding that "any misapplication of the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence" and challenge to OGS calculation is claim sounding in misapplication of Sentencing Guidelines); *see also Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007) (stating that "[r]equests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings"). Accordingly, Mislaie is not entitled to relief on his second issue on appeal.

In turning to his third issue, Mislaie essentially presents the same claim, but through the lens of ineffective assistance of counsel due to trial counsel's failure to file a post-sentence motion for reconsideration of sentence. Mislaie

presents argument that he both requested that trial counsel file a post-sentence motion, and in any event, that counsel was professionally ineffective for failing to file one based on the allegedly incorrect OGS calculation.

Pennsylvania law is clear that the failure to file a post-sentence motion, requested or not, does not render counsel *per se* ineffective. **See Commonwealth v. Reaves**, 923 A.2d 1119, 1129 (Pa. 2007). Indeed, where counsel fails to file post-sentence motions, the traditional three-prong **Strickland**/**Pierce** test applies to determine whether counsel was ineffective. **See id.**; **see also Commonwealth v. Grosella**, 902 A.2d 1290, 1293-94 (Pa. Super. 2006) (distinguishing between counsel's failure to file direct appeal which completely forecloses appellant from direct review and counsel's failure to file post-sentence motion which narrows ambit of claims appellant can raise on direct appeal).

After our review, we conclude that Mislaie fails to establish prejudice under the third prong of the **Strickland**/**Pierce** test. Specifically, Mislaie's reading of the Sentencing Guidelines is incorrect insofar as he identifies that the Sentencing Guidelines would recommend a sentence of 1 to 2 years' incarceration given his prior record score of 0. Instead, the Sentencing Guidelines recommend: (1) a minimum term of five years' incarceration, which is greater than the maximum term of Mislaie's imposed sentence; and (2) a maximum term of the statutory limit, which is 40 years' incarceration in this case. **See** 204 Pa. Code § 303.15 (7th ed., amend. 6) (indicating OGS of 14 for conviction under 18 Pa.C.S. § 3121(c)); 204 Pa. Code § 303.16(a) (7th

ed., amend. 6) (applicable basic sentencing matrix); 18 Pa.C.S. § 3121(e)(1).

Mislaie is not entitled to relief where it is unlikely that he would have received

a reduction in sentence. **See Reaves**, 923 A.2d at 1131-32 (concluding that

appellant failed to establish prejudice where record did not show counsel's

filing of motion for reconsideration of sentence would have secured reduction

in sentence). Further, we conclude that Mislaie's claim also fails under the

second prong of the **Strickland**/**Pierce** test because counsel had a reasonable

basis for not challenging the sentence imposed where (1): Mislaie received

the benefit of his plea bargain insofar as the court imposed a more lenient

sentence than the otherwise applicable mandatory minimum sentence set

forth in 42 Pa.C.S. § 9718(a)(3); and (2) Mislaie received a sentence near the

low end of the mitigated range of the Sentencing Guidelines. **See** 204 Pa.

Code § 303.16(a) (7th ed., amend. 6) (applicable basic sentencing matrix).

Accordingly, no relief is due on Mislaie's third issue on appeal.

In his fourth issue, Mislaie complains that PCRA counsel did not address

his **Padilla** claim in the no-merit letter and therefore the PCRA court

erroneously granted counsel's application to withdraw. **See** Appellant's Brief,

at 10. We find no relief is due.

After our review, we conclude that, again, Mislaie fails to establish

prejudice under the third prong of the **Strickland**/**Pierce** test insofar as he

fails to show that immigration consequences apply to his case. **See Hannibal**,

156 A.3d at 206. Further, Mislaie fails under the second prong of the

**Strickland**/**Pierce** test because trial counsel had a reasonable basis to not

pursue any **Padilla** issue where Mislaie's signed written plea colloquy sets forth that he understood the potential immigration consequences of his plea,[12] and, at his plea hearing, Mislaie affirmed that he reviewed the written plea colloquy with his defense counsel prior to pleading guilty. **See** N.T. Plea Hearing, 8/8/22, at 8–10. Mislaie may not now contradict his statements that he made on the record at his plea hearing. **See Commonwealth v. Jamison**, 284 A.3d 501, 506 (Pa. Super. 2022) (noting that "A defendant is bound by the statements which he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea."). Accordingly, no relief is due on Mislaie's fourth issue.

As to his fifth issue, Mislaie offers no argument in his brief on the claim that he purports to raise. Accordingly, Mislaie has waived his fifth issue on appeal. **See** Pa.R.A.P. 2119(a) ("The argument shall be **divided into as many parts as there are questions to be argued**; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of

---

[12] **See** Written Plea Colloquy, 8/8/22, at 3 (unpaginated) ("My plea of guilty [. . .] will have the same effect in criminal law as if I had a trial and was convicted of the crimes to which I have pled guilty[. . . .] If am not a United States citizen, my plea of guilty [. . .] may subject me to **MANDATORY DEPORTATION** and other adverse immigration consequences. My attorney has answered, to my satisfaction, any questions I have had concerning adverse immigration consequences of this plea. I also acknowledged that I have had the opportunity to consult an attorney specializing in immigration and deportation law. I understand and agree that I am pleading guilty [. . .] to the crimes listed below.") (emphasis in original).

authorities as are deemed pertinent.") (emphasis added); ***see also Commonwealth v. Woodard***, 129 A.3d 480, 509 (Pa. 2015) (concluding that appellant's failure "to present any argument in support" of issue results in waiver).

As none of Mislaie's claims have merit, we find no abuse of discretion or error of law in the PCRA court's grant of PCRA counsel's application to withdraw. Accordingly, Mislaie is not entitled to any relief in this appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/26/2026

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISAAC MISLAIE | : | |
| | : | |
| Appellant | : | No. 3243 EDA 2024 |

Appeal from the PCRA Order Entered October 23, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004988-2021

BEFORE: PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MAY 26, 2026**

Isaac Mislaie appeals, *pro se*, from the order denying his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq.* (PCRA). Mislaie alleges that: (1) PCRA counsel failed to comply with the requirements of **Turner** and **Finley** and their progeny[1]; (2) the sentencing court wrongly relied on a miscalculation of Mislaie's offense gravity score (OGS) at sentencing; (3) trial counsel was ineffective for failing to file a motion for reconsideration of sentence; (4) trial counsel was ineffective for failing to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **see also Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

inform Mislaie of his rights under **Padilla**[2]; and (5) the PCRA court improperly failed to grant Mislaie's discovery request. We affirm.

The relevant procedural history of this case is as follows. On August 8, 2022, Mislaie entered a hybrid guilty plea[3] to rape of a child[4] wherein: (1) the Commonwealth would not make a specific sentencing recommendation; (2) the guilty plea would be limited to one criminal count; and (3) the Commonwealth would not invoke the applicable mandatory minimum sentence.[5] Sentencing was deferred to November 4, 2022, for the preparation of a pre-sentence investigation report, psychosexual evaluation, and a sexually violent predator assessment. At sentencing, the court acknowledged receipt of, and its review of, the relevant report, evaluation, and assessment, prior to imposing a sentence of five to ten years' incarceration and designating Mislaie a tier III registrant[6] under the Pennsylvania Sex Offender Registration and Notification Act.[7] Mislaie, through his attorney, did not file a post-

_____

[2] **See Padilla v. Kentucky**, 559 U.S. 356 (2010).

[3] A hybrid plea is one in which "the parties did not bargain for a specific sentence but negotiated as to a certain aspect of the sentence[.]" **Commonwealth v. Heaster**, 171 A.3d 268, 271 (Pa. Super. 2017).

[4] **See** 18 Pa.C.S. § 3121(c).

[5] **See** 42 Pa.C.S. § 9718(a)(3).

[6] **See** 42 Pa.C.S. §§ 9799.14(d)(4), 9799.15(a)(3).

[7] **See** 42 Pa.C.S. §§ 9799.10-9799.75.

sentence motion. Mislaie then timely appealed but later discontinued that direct appeal.

On November 15, 2023, Mislaie filed a *pro se* PCRA petition, his first, in which he requested leave to file a post-sentence motion to allege that the court imposed an unduly harsh sentence due to an error in the calculation of the OGS. The court appointed PCRA counsel. On May 20, 2024, PCRA counsel filed an application to withdraw and no-merit letter. Mislaie filed a *pro se* reply on June 24, 2024, objecting to counsel's withdrawal, seeking appointment of alternate counsel should counsel's withdrawal request be granted, and stating, without temporal specificity, that trial counsel failed to honor Mislaie's request to file a motion for modification of sentence. On August 9, 2024, the PCRA court granted PCRA counsel's application to withdraw and filed notice of its intent to dismiss Mislaie's PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907. Mislaie replied to the court's dismissal notice. On October 23, 2024, the court dismissed Mislaie's PCRA petition without a hearing. Mislaie filed a timely *pro se* appeal on November 18, 2024, pursuant to the prisoner mailbox rule.[8]

_____

[8] The record reflects that Mislaie, while incarcerated, delivered his appeal to prison authorities as of November 18, 2024. **See** Pa.R.A.P. 121(f); **see also Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (holding that *pro se* prisoners' appeals deemed filed as of the date they deliver them to prison authorities for mailing).

In his *pro se* appeal, Mislaie presents the following five issues for our review:

1. Whether the [PCRA] court's determination that appointed counsel's ***Turner/Finley*** "no-merit" letter met the [appropriate] standards/dictates was an abuse of discretion in reference to [Mislaie's] claims presented in [his] *pro se* motion for post-conviction collateral relief?

2. Whether[] the sentence [. . .] imposed was excessive in that it was grounded on an erroneous [OGS]?

3. Whether [trial] counsel rendered ineffective assistance of counsel for not seeking sentencing reconsideration?

4. Whether it was an error of law for the PCRA court to adopt appointed PCRA counsel's [***Turner/Finley***] "no-merit" letter [where] it did not address [Mislaie's ***Padilla***] claim where [Mislaie] is a Haitian [national] and was induced by the prompting of entering into his guilty plea without counsel advising [him] of [the] possibility of deportation proceedings?

5. Whether it was an abuse of discretion for the PCRA court to deny [Mislaie]'s discovery application that averred exceptional circumstances?

***See*** Appellant's Brief at 4 (suggested answers and unnecessary capitalization omitted).[9]

As it relates to Mislaie's first issue, Mislaie argues that PCRA counsel "failed to detail his review of the record and conclu[de] that [Mislaie]'s claims are meritless. [Counsel] did not provide to [Mislaie] the brief and advise [Mislaie] of his right to retain new counsel or proceed *pro se*." Appellant's

_____

[9] Mislaie's brief violates the rules of appellate procedure insofar as all of his arguments are set forth in one single-spaced section in his brief. ***See e.g.***, Pa.R.A.P. 2119(a); ***see also*** Pa.R.A.P. 124(a)(3).

Brief at 8. Mislaie alleges that his OGS and *Padilla* claims have merit such that withdrawal under *Turner*/*Finley* is inappropriate. *See id.* at 9-10. We find that the PCRA court properly concluded that counsel substantially complied with the technical requirements of *Turner*/*Finley* as explained below.

We have summarized the *Turner*/*Finley* requirements for counsel to withdraw as follows:

> Counsel petitioning to withdraw from PCRA representation must proceed under [*Turner* and *Finley*] and must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no[-]merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Muzzy*, 141 A.3d 509, 510-11 (Pa. Super. 2016) (ellipses omitted). Substantial compliance with the requirements to withdraw as counsel will satisfy the *Turner*/*Finley* criteria. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003).

Here, contrary to Mislaie's claims, the record reflects that PCRA counsel filed an application to withdraw and a no-merit letter in the PCRA court and

served those documents on Mislaie.[10]  The PCRA court correctly observed that the no-merit letter contains counsel's statements that he:  (1) reviewed the case record and Mislaie's written communications; (2) interviewed prior counsel in the case; and (3) found Mislaie's sentencing claim as identified in his *pro se* PCRA petition to be meritless.  **See** No-merit Letter, 5/20/24, at 1 (unpaginated).  Further, the no-merit letter informs Mislaie of his right to hire alternate counsel or proceed *pro se*.  **See id.** at 3 (unpaginated).  The record confirms Mislaie received the duly filed and served documents, especially where he responded *pro se* to counsel's no-merit letter on June 24, 2024, and further responded *pro se* to the court's Rule 907 notice on August 30, 2024. The PCRA court then conducted its own analysis, as required, when it issued its Rule 907 notice and permitted counsel to withdraw.  **See Muzzy**, 141 A.3d at 511.  As the record supports the court's conclusion that PCRA counsel substantially complied with the technical requirements of **Turner**/**Finley**, we may proceed to our review of Mislaie's issues on appeal to ensure they are meritless.

Mislaie asserts that his OGS issue has merit; thus, the court allegedly improperly granted counsel's withdrawal request and improperly denied PCRA relief.  Specifically, Mislaie maintains that Pennsylvania's Sentencing Guidelines for rape of a child lists an OGS that amounts to one to two years'

---

[10] PCRA counsel filed the application to withdraw in the PCRA court, rather than with this Court on appeal, so, contrary to Mislaie's claims, PCRA counsel was not required to file an appellate brief and serve Mislaie therewith.

incarceration rather than the sentence of five to ten years' that he received. ***See*** Appellant's Brief, at 9. He argues that the court wrongly imposed an excessive sentence and that trial counsel should have filed a post-sentence motion for reconsideration of sentence on this basis. ***See id.*** We find no relief is due.

On appeal from the denial of PCRA relief, our standard of review is as follows:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on th[e appellate courts]; however, [appellate courts] apply a *de novo* standard of review to the PCRA court's legal conclusions[.]

***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (citations and quotation marks omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the following:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

\* \* \*

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2). Further, the petitioner must prove that the issue has not been previously litigated or waived and that any failure to litigate the issue "could not have been the result of any rational, strategic[,] or tactical decision by counsel." 42 Pa.C.S. § 9543(a)(3), (4).

Insofar as effective assistance of trial counsel is implicated in Mislaie's claims, the **Strickland**/**Pierce**[11] test applies as follows:

[W]e begin with the presumption counsel is effective. To prevail on an ineffectiveness claim, appellant must satisfy, by a preponderance of the evidence, the performance and prejudice standard set forth in [**Strickland**]. In Pennsylvania, we have applied **Strickland** by looking to three elements an appellant must establish: (1) the underlying claim has arguable merit; (2)

_____

[11] **See Strickland v. Washington**, 466 U.S. 668 (1984); **see also Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987).

- 8 -

no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Commonwealth v. Hannibal*, 156 A.3d 197, 206 (Pa. 2016) (citations omitted). If any prong fails under *Strickland*, the court may proceed to review that one first. *See id.* at 207.

Here, Mislaie's second appellate claim is based in trial court error— rather than grounded in ineffective assistance of counsel—insofar as Mislaie alleges that he received an excessive sentence based on an erroneous calculation of the OGS. Such a claim does not implicate the legality of Mislaie's sentence and instead goes to the discretionary aspects of his sentence, which is not cognizable under the PCRA. *See Commonwealth v. Archer*, 722 A.2d 203, 210-11 (Pa. Super. 1998) (*en banc*) (holding that "any misapplication of the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence" and challenge to OGS calculation is claim sounding in misapplication of Sentencing Guidelines); *see also Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007) (stating that "[r]equests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings"). Accordingly, Mislaie is not entitled to relief on his second issue on appeal.

In turning to his third issue, Mislaie essentially presents the same claim, but through the lens of ineffective assistance of counsel due to trial counsel's failure to file a post-sentence motion for reconsideration of sentence. Mislaie

presents argument that he both requested that trial counsel file a post-sentence motion, and in any event, that counsel was professionally ineffective for failing to file one based on the allegedly incorrect OGS calculation.

Pennsylvania law is clear that the failure to file a post-sentence motion, requested or not, does not render counsel *per se* ineffective. ***See Commonwealth v. Reaves***, 923 A.2d 1119, 1129 (Pa. 2007). Indeed, where counsel fails to file post-sentence motions, the traditional three-prong ***Strickland*/*Pierce*** test applies to determine whether counsel was ineffective. ***See id.***; ***see also Commonwealth v. Grosella***, 902 A.2d 1290, 1293-94 (Pa. Super. 2006) (distinguishing between counsel's failure to file direct appeal which completely forecloses appellant from direct review and counsel's failure to file post-sentence motion which narrows ambit of claims appellant can raise on direct appeal).

After our review, we conclude that Mislaie fails to establish prejudice under the third prong of the ***Strickland*/*Pierce*** test. Specifically, Mislaie's reading of the Sentencing Guidelines is incorrect insofar as he identifies that the Sentencing Guidelines would recommend a sentence of 1 to 2 years' incarceration given his prior record score of 0. Instead, the Sentencing Guidelines recommend: (1) a minimum term of five years' incarceration, which is greater than the maximum term of Mislaie's imposed sentence; and (2) a maximum term of the statutory limit, which is 40 years' incarceration in this case. ***See*** 204 Pa. Code § 303.15 (7th ed., amend. 6) (indicating OGS of 14 for conviction under 18 Pa.C.S. § 3121(c)); 204 Pa. Code § 303.16(a) (7th

ed., amend. 6) (applicable basic sentencing matrix); 18 Pa.C.S. § 3121(e)(1). Mislaie is not entitled to relief where it is unlikely that he would have received a reduction in sentence. *See Reaves*, 923 A.2d at 1131-32 (concluding that appellant failed to establish prejudice where record did not show counsel's filing of motion for reconsideration of sentence would have secured reduction in sentence). Further, we conclude that Mislaie's claim also fails under the second prong of the *Strickland*/*Pierce* test because counsel had a reasonable basis for not challenging the sentence imposed where (1): Mislaie received the benefit of his plea bargain insofar as the court imposed a more lenient sentence than the otherwise applicable mandatory minimum sentence set forth in 42 Pa.C.S. § 9718(a)(3); and (2) Mislaie received a sentence near the low end of the mitigated range of the Sentencing Guidelines. *See* 204 Pa. Code § 303.16(a) (7th ed., amend. 6) (applicable basic sentencing matrix). Accordingly, no relief is due on Mislaie's third issue on appeal.

In his fourth issue, Mislaie complains that PCRA counsel did not address his *Padilla* claim in the no-merit letter and therefore the PCRA court erroneously granted counsel's application to withdraw. *See* Appellant's Brief, at 10. We find no relief is due.

After our review, we conclude that, again, Mislaie fails to establish prejudice under the third prong of the *Strickland*/*Pierce* test insofar as he fails to show that immigration consequences apply to his case. *See Hannibal*, 156 A.3d at 206. Further, Mislaie fails under the second prong of the *Strickland*/*Pierce* test because trial counsel had a reasonable basis to not

pursue any **Padilla** issue where Mislaie's signed written plea colloquy sets forth that he understood the potential immigration consequences of his plea,[12] and, at his plea hearing, Mislaie affirmed that he reviewed the written plea colloquy with his defense counsel prior to pleading guilty. **See** N.T. Plea Hearing, 8/8/22, at 8–10. Mislaie may not now contradict his statements that he made on the record at his plea hearing. **See Commonwealth v. Jamison**, 284 A.3d 501, 506 (Pa. Super. 2022) (noting that "A defendant is bound by the statements which he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea."). Accordingly, no relief is due on Mislaie's fourth issue.

As to his fifth issue, Mislaie offers no argument in his brief on the claim that he purports to raise. Accordingly, Mislaie has waived his fifth issue on appeal. **See** Pa.R.A.P. 2119(a) ("The argument shall be **divided into as many parts as there are questions to be argued**; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of

---

[12] **See** Written Plea Colloquy, 8/8/22, at 3 (unpaginated) ("My plea of guilty [. . .] will have the same effect in criminal law as if I had a trial and was convicted of the crimes to which I have pled guilty[. . . .] If am not a United States citizen, my plea of guilty [. . .] may subject me to **MANDATORY DEPORTATION** and other adverse immigration consequences. My attorney has answered, to my satisfaction, any questions I have had concerning adverse immigration consequences of this plea. I also acknowledged that I have had the opportunity to consult an attorney specializing in immigration and deportation law. I understand and agree that I am pleading guilty [. . .] to the crimes listed below.") (emphasis in original).

authorities as are deemed pertinent.") (emphasis added); ***see also***

***Commonwealth v. Woodard***, 129 A.3d 480, 509 (Pa. 2015) (concluding

that appellant's failure "to present any argument in support" of issue results

in waiver).

As none of Mislaie's claims have merit, we find no abuse of discretion or

error of law in the PCRA court's grant of PCRA counsel's application to

withdraw. Accordingly, Mislaie is not entitled to any relief in this appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/26/2026